## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DEAN BRYAN DAVIDSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:24-CV-00633-SRW |
| FERRING PHARMACEUTICALS INC, | ) ) ) |
| Defendant. | ) ) |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon review of self-represented plaintiff Dean Bryan Davidson's complaint and motions seeking leave to proceed in forma pauperis in this action. The Court will grant Plaintiff's first motion for leave to proceed in forma pauperis, and will deny as moot his later-filed duplicative motion. The Court will also dismiss this action at this time, and deny as moot both of Plaintiff's motions seeking the appointment of counsel.

### Legal Standard on Initial Review

This Court is required to review a complaint filed in forma pauperis, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Although a

plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

## The Complaint

Plaintiff is a frequent pro se and in forma pauperis litigator in this Court.  At present, he is in the custody of the Missouri Department of Mental Health (DMH), and receives care at the Southeast Missouri Mental Health Center. He filed the Complaint against Ferring Pharmaceuticals, Inc. ("Ferring") to seek damages for injuries allegedly caused by a drug called Desmopressin.  He alleges as follows.

In 2007, Plaintiff took an intranasal form of Desmopressin, which was made and distributed by Ferring.  He had a seizure, and fell and hit his head.  Plaintiff's doctor, Dr. Sternberg, did not report that Plaintiff had taken Desmopressin, so the tablet form was prescribed for him again in 2012.  Plaintiff took it until June of 2018, during which time it caused critically low sodium levels.  Plaintiff states that was a known side effect.  Plaintiff states he took Desmopressin "until[] it was discontinued on 6/18/2018," and "all of a sudden" his sodium was "excellent."  (ECF No. 1-2 at 12).   Plaintiff states he "filed cases ever since I knew its cause to be Desmopressin."  *Id.*

2

Plaintiff also states that unnamed persons at the Southeast Missouri Department of Mental Health facility have or may have tampered with his mail, and he alleges he has suffered violations of his rights secured by the First, Fifth, Fourteenth, and Eighth Amendments to the United States Constitution.  Plaintiff does not state when any of that happened, and he does not allege facts in support of his statements.

As relief, Plaintiff seeks $3 million in damages, and payment for future medical expenses related to Desmopressin.

**Prior Litigation**

In March of 2023, Plaintiff filed a complaint in this Court against Ferring to assert the same claims he asserts in the complaint at bar.  *Davidson v. Ferring Pharmaceuticals, Inc.*, No. 4:23-cv-325-NCC (E.D. Mo. Mar. 14, 2023).  On August 10, 2023, the Court dismissed the case after determining that the dismissals of *Davidson v. Ferring Pharmaceuticals and D. Sternberg*, 2:21-cv-4156-BCW (W.D. Mo. Aug. 26, 2021) ("*Davidson 1*") and *Davidson v. Ferring Pharmaceuticals*, No. 2:21-cv-4205-BCW (W.D. Mo. Oct. 13, 2022) ("*Davidson 2*") had res judicata effect upon the determination that the complaint failed to state a claim.

In *Davidson I,* Plaintiff filed a 42 U.S.C. § 1983 complaint against Ferring and Dr. Sternberg to assert the same Desmopressin-related claims asserted in the instant complaint.  He also alleged that unnamed people tampered or may have tampered with his mail, and he asserted other generalized allegations suggesting he suffered deprivations of his rights secured by the First, Fifth, Fourteenth, and Eighth Amendments.  The Court dismissed the case after determining, among other things, that Plaintiff failed to state a valid § 1983 claim against Ferring.

Plaintiff then filed *Davidson II* to bring the same claims against Ferring under what was construed as a Missouri law products liability theory. *Davidson v. Ferring Pharmaceuticals*, No. 2:21-cv-4205-BCW (W.D. Mo. Oct. 13, 2022). As in the case at bar, Plaintiff alleged that Desmopressin caused him to suffer a seizure and fall and hit his head in 2007, and critically decreased his sodium level from 2012 to June 18, 2018. He sought $3 million in damages. On October 13, 2022, the Court dismissed the action after determining it was barred by the statute of limitations. The Court also determined that even if the action was timely, Plaintiff's allegations would not state a plausible claim against Ferring under Missouri law because Plaintiff failed to plead facts that showed Ferring failed to warn of the alleged risk.

Plaintiff previously filed other cases in the Western District of Missouri that were premised upon the same facts asserted in the instant complaint. *See Davidson v. Fulton State Hosp., et al.*, 4:10-cv-711-FJG (W.D. Mo. Nov. 18, 2010) (dismissed for failure to state a claim); *Davidson v. Fulton State Hosp., et al.*, 2:10-cv-4262-SOW (W.D. Mo. Jan. 21, 2011) (dismissed for failure to comply with court order); *Davidson v. Fulton State Hosp., et al.*, 2:17-cv-4018-FJG (W.D. Mo. Feb. 7, 2017) (dismissed for failure to state a claim); *Davidson v. Fulton State Hosp., et al.*, 2:17-cv-4019-FJG (W.D. Mo. Feb. 7, 2017) (dismissed because Plaintiff sought habeas relief not cognizable under § 1983); *Davidson v. Fulton State Hosp., et al.*, 2:19-cv-4105-BCW (W.D. Mo. Jul. 2, 2019) (dismissing case under Fed. R. Civ. P. 41 for failure to comply with court order); *Davidson v. Stringer*, No. 2:19-cv-4148-BCW (W.D. Mo. Nov. 13, 2019) (dismissing medical malpractice claims and § 1983 claims as untimely under § 28 U.S.C. § 1915(e)(2)(B)).

Plaintiff has filed numerous other cases to assert claims premised upon the same or similar facts, all of which were dismissed without service on the defendant(s). *See Davidson v.*

4

*Fulton State Hospital*, No. 4:18-cv-247-RLW (E.D. Mo. Jun. 8, 2018) (ruling § 1915(e) dismissal of prior complaint has res judicata effect and dismissing case as frivolous for § 1915(e) purposes); *Davidson v. Sternberg*, No. 4:19-cv-2148-RWS (E.D. Mo. filed Jan. 24, 2020) (dismissing § 1983 action as time barred and for failure to state a claim upon which relief may be granted); *Davidson v. Stringer*, No. 4:20-cv-1478-DDN (E.D. Mo. filed Jan. 11, 2021) (dismissing claims under 28 U.S.C. § 1915(e)(2)(B)).  *See Davidson v. Southeast Mental Health Center*, No. 4:17-cv-2076-RLW (E.D. Mo. Aug. 17, 2017); *Davidson v. Southeast Mental Health Center*, No. 4:17-cv-2078-ACL (E.D. Mo. filed Jul. 31, 2017); *Davidson v. Fulton State Hospital*, No. 4:18-cv-103-RLW (E.D. Mo. filed Jan. 29, 2018).

## Discussion

In *Davidson I,* Plaintiff's in forma pauperis complaint asserted the same allegations against Ferring as are asserted in the instant in forma pauperis complaint.  The *Davidson I* Court determined that the complaint failed to state valid 42 U.S.C. § 1983 claims against Ferring, and dismissed those claims along with the rest of the action.  In *Davidson II,* Plaintiff's in forma pauperis complaint asserted the same allegations against Ferring as are asserted in the instant in forma pauperis complaint, but under a products liability theory.  The *Davidson II* Court determined that Plaintiff's Desmopressin-related claims were time-barred, and even if they were not, his allegations would not state a plausible products liability claim against Ferring.  The Court also determined that Plaintiff's allegations concerning his mail also failed to state a claim upon which relief may be granted.  In addition to those cases, Plaintiff has filed numerous others to assert claims premised upon the same or substantially similar facts.

In *Denton v. Hernandez*, the Supreme Court held that while a dismissal under an earlier version of 28 U.S.C. § 1915(e)(2)(B) "does not prejudice the filing of a paid complaint making

5

the same allegations," it "could . . . have a res judicata effect on frivolousness determinations for future *in forma pauperis* petitions." 504 U.S. 25, 34 (1992). Subsequently, the Eighth Circuit determined that a dismissal under an earlier version of 28 U.S.C. § 1915(e)(2)(B) has res judicata effect on frivolousness determinations for future in forma pauperis complaints. *Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994) (citing *Denton,* 504 U.S. 25). Similarly, in *Pointer v. Parents for Fair Share*, the Eighth Circuit affirmed the dismissal of an in forma pauperis complaint under § 1915(e)(2)(B) on the basis of res judicata where an earlier, similar complaint was dismissed as frivolous under the statute. 87 F. App'x. 12 (8th Cir. 2004).

As in *Davidson v. Ferring Pharmaceuticals, Inc.*, No. 4:23-cv-325-NCC above, the instant in forma pauperis complaint asserts claims that arise from the same nucleus of operative facts, and are against the same defendant, as those that were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) in *Davidson 1* and *Davidson 2*. Based upon the foregoing precedent, the Court concludes that the dismissals of *Davidson I* and *Davidson II* have res judicata effect upon the determination that the instant complaint fails to state a claim upon which relief may be granted against Ferring under § 1983 or under a products liability theory. This action is therefore subject to dismissal.

This action is subject to dismissal for other reasons as well. To the extent Plaintiff can be understood to proceed against Ferring pursuant to § 1983, his claims fail because he does not demonstrate that Ferring acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (noting the elements of a valid § 1983 claim). To the extent Plaintiff can be understood to proceed against Ferring on a state law products liability theory, his claims also fail.

First, as noted in *Davidson II* and other cases, such claims would be time barred. Under Missouri law, "the right to bring suit accrues and the statute of limitations is set into motion

when the *fact of damage* becomes capable of ascertainment ..." Bonney v. Envtl. Eng'g, Inc., 224 S.W.3d 109, 116 (Mo. Ct. App. 2007) (internal quotes omitted) (emphasis in original). The statute of limitations that applies in this case is Missouri's five-year personal injury statute of limitations. Mo. Rev. Stat. § 516.120; *See Sulik v. Taney County, Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005).

Here, Plaintiff seeks damages for injuries that occurred in 2007 and from 2012 to 2018, and there is no reason to conclude that his claims accrued later. It is clear from the face of the complaint that Plaintiff filed this action well after the statute of limitations expired. Therefore, this action is subject to dismissal because it is untimely. *See Myers v. Vogal,* 960 F.2d 750, 751 (8th Cir. 1992) (per curiam) (district court may properly dismiss complaint when it is apparent that statute of limitations has run).

Even if this action was timely, Plaintiff's claims would fail because he pleads no facts permitting the inference that Ferring failed to warn him of the alleged risk. *See Doe v. Alpha Therapeutic Corp.*, 3 S.W.3d 404, 419 (Mo. Ct. App. 1999). Finally, Plaintiff's vague allegations regarding his mail and his conclusory statements concerning constitutional violations at the Southeast Missouri Mental Health Center do not state any cause of action against Ferring, or against any person who could be identified as a defendant. Those allegations and Plaintiff's Desmopressin-related allegations are, at best, the type of "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements" that the Supreme Court has found deficient, *Iqbal*, 556 U.S. at 678, and that this Court is not required to presume true. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017).

For all of the foregoing reasons, this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). As set forth above, this case is one in a string of meritless cases that Plaintiff has

filed to raise claims against Ferring and others based on the same or substantially similar facts, all of which have been dismissed without service upon the defendant(s). The Court does not believe there is a good faith basis for an appeal of this decision, and will therefore certify that an appeal would not be taken in good faith.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's first motion for leave to proceed in forma pauperis (ECF No. 3) is **GRANTED**, and his duplicative motion for leave to proceed in forma pauperis (ECF No. 5) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's motions seeking the appointment of counsel (ECF Nos. 2 and 7) are **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 26th day of July, 2024.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE